UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
Pensacola DIVISION

**CIVIL RIGHTS COMPLAINT FORM**
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

FELIX AGOSTO,
Inmate # 772216
(Enter full name of Plaintiff)

F.A. LEGAL MAIL
Provided to Florida State Prison on
1/30/19 for mailing by [signature]

SECOND AMENDED COMPLAINT

vs.

CASE NO: 3:18cv1559-RV/EMT
(To be assigned by Clerk)

SGT. J. COPPENGER,
C.O. NELSON,
SGT. L MCCANN,
C.O. J. BETTS, et al.,

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

FILED USDC FLND PN
FEB 4 '19 PM2:07

FILED USDC FLND PN
FEB 4 '19 PM2:07

## I. PLAINTIFF:

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Felix Agosto
Inmate Number: DC 772216
Prison or Jail: Florida State Prison -w/u
Mailing address: P.O. Box 800
Raiford, FL. 32083

## II. DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1)  Defendant's name: Sgt. J. Coppenger
     Official position: Sergeant
     Employed at: Century Corr. Inst.
     Mailing address: 400 Tedder Road
     Century, Florida 32535

(2)  Defendant's name: J. Betts
     Official position: Officer
     Employed at: Century Corr. Inst.
     Mailing address: 400 Tedder Road
     Century, Florida 32535

(3)  Defendant's name: Sgt. L. McCann
     Official position: Sergeant
     Employed at: Century Corr. Inst.
     Mailing address: 400 Tedder Road
     Century, Florida 32535

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

(4) Defendant's name: NELSON
    Official Position: OFFICER
    Employed at: Century Corr. Inst.
    Mailing address: 400 Tedder Road
                     Century, Florida 32535

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). **Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(X)

1. Parties to previous action:
   (a) Plaintiff(s): N/A
   (b) Defendant(s): \\
2. Name of judge: \\   Case #: \\
3. County and judicial circuit: \\
4. Approximate filing date: \\
5. If not still pending, date of dismissal: \\
6. Reason for dismissal: \\
7. Facts and claims of case: \\

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )   No(X)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): \\
2. District and judicial division: \\
3. Name of judge: \\   Case #: \\
4. Approximate filing date: \\
5. If not still pending, date of dismissal: \\
6. Reason for dismissal: \\

3

7. Facts and claims of case: _____N/A_____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)   No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): FELIX AGOSTO
   b. Defendant(s): Department of Corrections
2. District and judicial division: Leon County Second District
3. Name of judge: Kevin J. Carroll    Case #: 2018CA 1425
4. Approximate filing date: June 26, 2018
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: Petition For Writ of Mandamus disciplinary Report

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(X)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

6. Facts and claims of case: _____/_____

(Attach additional pages as necessary to list cases.)

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1. Plaintiff, Felix Agosto (hereinafter: Agosto) is an inmate in the Florida Department of Corrections, currently confined at Florida State Prison-W/u, P.O. Box 800, Raiford, FL, 32083.

2. At all relevant times herein Agosto was confined at Century Correctional Institution under the care, custody and control of Defendants, and all events herein occurred at this place.

3. At all relevant times herein defendants, Sgt. J. Coffenger, C.O. Nelson, Sgt. L. McCann, and C.O. J. Betts were employed by the Florida Department of Corrections, at Century Correctional Institution, were responsible for the care, custody, and control of all inmates, including Agosto at Century Correctional Institution, and were acting under color of state law.

4. On August 17th 2017, at approximately 2:20 P.M. Agosto was in his assigned housing unit, G-Dorm wing one(1), while the Correctional officer's staff were conducting a mass search, Agosto complied with all orders during the cell search.

5. Agosto was ordered to pickup a mattress after the staff officers finished searching the cells, and ordered Agosto to enter his cell, and then the cell doors were closed.

5

6. While Agosto was inside his cell C.O. Covan ordered Agosto's roommate to get off the cell door.

7. C.O. Covan started to argue with Agosto's roommate and Sgt. C. Payne showed up at the cell door, and opened the cell door, and asked C.O. Covan which one you want?

8. C.O. Covan pointed his finger at Agosto, and Sgt. Payne entered Agosto cell, and ordered Agosto to turn around, and place his hands behind his back, and submit to hand restraints, Agosto complied, and Sgt. C. Payne placed handcuffs on Agosto, and Sgt. Payne and Agosto exited the cell.

9. Agosto then asked C.O. Covan why he was going to confinement, C.O. Covan said for "running your mouth" Agosto then told Sgt. Payne that C.O. Covan was arguing with Agosto roommate and to review the Fixed wing camera in G-dorm Wing one(1), cell G1-103, to prove that Agosto followed all orders during the cell search.

10. C.O. Covan said to Sgt. Payne, place him in confinement for disorderly conduct. C.O. Covan wrote Agosto a false charge disciplinary report.

11. Sgt. Payne then escorted Agosto outside of the dormitory G-dorm, and C.O. J. Petrossi gained custody of Agosto.

12. Agosto then told C.O. J. Petrossi that he wanted to talk to Colonel Hassett, whom was in front of the dormitory G-dorm, talking on the cellular phone.

13. Thereafter, Lt. Booth came outside of the dormitory G-dorm and asked Agosto what is the problem? Agosto then told Lt. Booth that C.O. Covan lied, and that Agosto followed all orders, and Sgt. Payne refused to review the Fixed wing camera in G-dorm wing one(1) Cell G1-103.

14. Lt. Booth said to Agosto, just go to confinement, I'm

6

going to talk to C.O. Covan, and Sgt. Payne.

15. Lieutenant Booth then went back inside the dormitory G-dorm, and Colonel Hassett approached Agosto and said to Agosto, You don't want to go to confinement? Colonel Hassett got on his walkie-talkie, and called for back-up.

16. During this entire incident both of Agosto's hands were handcuffed behind his back, and Agosto did not in any way physically resist.

17. Thereafter, Sgt. J. Coppenger, C.O. Nelson, and Lt. Shawn responded to Colonel Hassett's call for back-up.

18. Lieutenant Shawn took custody of Agosto from C.O. J. Petrossi, grabbed Agosto's left arm, and C.O. Nelson grabbed Agosto's right arm, and they escorted Agosto to CCI's medical department for a pre-confinement physical, the fixed camera in G-dorm recorded the event.

19. The nurse examined Agosto, and finished Agosto's pre-confinement physical, and the nurse gived to Sgt. Coppenger, and C.O. Nelson, Agosto pre-confinement papers with Agosto medical problems, and Agosto's Health Slip/Pass DC4-701A, which had Agosto restricted activity and restrictions.

20. Sgt. Coppenger, and C.O. Nelson then gained custody of Agosto, and escorted Agosto through the classification hallway, once Agosto was in the hallway Sgt. Coppenger said to Agosto "run your mouth now" and grabbed Agosto by his upper body, and slammed Agosto body onto the floor, Agosto landed on his right side.

21. During this entired incident both of Agosto's hands were handcuffed behind his back, and Agosto did not in any way physically resist.

22. Thereafter, C.O. Nelson sprayed Agosto in his

eyes with chemical agents while Agosto was on the floor.

23. Thereafter, Agosto screamed for help, and two (2) officer's grabbed Agosto's arms while still in cuffs and dragged Agosto to Confinement, H-dorm wing two (2), and placed Agosto in Shower Four (4).

24. As a result of Sgt. Coppenger's body slamming Agosto onto the floor, Agosto's hip joint and muscle, and Right Femur bone joint, and muscle were torn. Agosto had a Rod and Pin in his right Femur bone, from hip to knee with two (2) screws due to past surgery.

25. Neither Sgt. Coppenger, nor C.O. Nelson were justified in their use of force, and intentionally cause Agosto severe physical bodily injury.

26. Sgt. Coppenger charged Agosto with a false disciplinary report to cover up his, and C.O. Nelson's unjustified physical abuse on Agosto.

27. While Agosto was in the shower, rinsing off the chemical agents, while on the hand-held video camera, the medical staff nurse was call to access Agosto.

28. Nurse A.E. Powell, LPN, examined Agosto, and referred Agosto to CCI's on-site doctor, and told Agosto to continue to take the medication that Agosto was already prescribed for his lower back and joint pain, Naproxen 250 mg.

29. On August 19th 2017, Agosto submitted a sick-call request for the ongoing pain in his right hip, and right Femur bone, and x-rays were ordered, and nurse S. Szalai an RNP, told Agosto to continue to take the medication Naproxen 250 mg. for the pain.

30. As a result of being physically abuse, and due to Agosto's injuries, Agosto requested numerous times to be placed in Protective custody.

31. While Agosto was in confinement, the Housing Post Confinement Sergeant, Sgt. L. Mccann, and C.O. Betts came to Agosto's cell door and ordered Agosto to "CUFF UP", because Agosto was getting a roommate.

32. Agosto then said to Sgt. McCann, and C.O. J. Betts that Agosto was under "Protective Management" status and according with the Florida Administrative Code ("F.A.C"), Agosto only have to be House with another inmate under the Protective management custody.

33. Agosto showed Sgt. L. Mccann, and C.O. Betts the approved grievance with the witness statement for Protective management, but Sgt. Mccann opened the cell door without placing Agosto in handcuff while Agosto was showing Sgt. Mccann and officer Betts the approved grievance response for Protective management custody.

34. While Agosto's hands were in the cell door flap while showing to Sgt. Mccann and officer Betts the approved grievance for Protective Management Sgt. Mccann pushed the cell door causing Agosto pain on his left hand, then C.O. Betts grabbed Agosto's neck with his right hand, choking Agosto, the entire time, the Fixed Wing Audio Video camera recorded the incident.

35. Sgt. L. Mccann was the housing Post Sergeant supervisor on August 17, 2017 when Agosto was dragged to H. dorm wing two (2) Confinement by two (2) Correctional officer's after the unnecessary use of Force by Sgt. Colpenger, and officer Nelson, and officer Betts was the officer that escorted Agosto to see nurse A.E. Powell, LPN, on August 17, 2017 to be accessed after the use of Force.

36. On October 4th 2017 at approximately 9:00-10:00 A.M. Sgt. Colpenger came to Agosto's cell door located

at H-dorm confinement wing two(2), and said to Agosto are you going to let bygoing be bygoing? I know you probably hate me for what I did to you, but you were "running your mouth", and I want to let you out off confinement.

37. Sgt. Coppenger's statement is recorded on the Fixed wing Audio video camera in H-dorm wing two(2), confinement on october 4th 2017, at approximately 9:00 - 10:00 A.M.

38. Agosto has exhausted all administrative remedies through the Florida department of Corrections grievance procedure Exhibit A, and notice of intent to sue, as required by statute Exhibit B, the attachments to Agosto's initial complaint.

## FIRST CAUSE OF ACTION

39. The unjustified use of force by Sgt. J. Coppenger stated in 19-21, 37, and officer Nelson unjustified use of force stated in 21-23, were malicious in intent, and violated Agosto's right to be free of cruel, and unusual punishment as proscribed by the eighth amendment to the United States Constitution.

40. Sgt. Coppenger and officer nelson knew, or should have know they were violating Agosto's Eighth Amendment rights by their unjustified use of force.

## SECOND CAUSE OF ACTION

41. The actions of Sgt. L. McCann stated in 31-35, and C.O. Betts stated in 31-35 were malicious

in intent, and is retaliatorily motivated for Agosto's grievances and complaints against Sgt. Coppenger, and officer Nelson, for the Constitutional violations asserted herein in violation of Agosto Eighth, First, and Fourteenth amendment rights, Proscribed by the United States Constitution.

42. Sgt. L. McCann, and officer J. Betts knew or should have know they were violating Agosto's Eighth Amendment rights, First amendment rights, and Fourteenth amendment rights by their malicious intent, and direct retaliation.

43. All defendants are Sued in their individual capacity.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Plaintiff alleges the beating, deliberate indifference to medical needs were asserted herein. Petitioner asserts that as a results of the named defendant's excessive use of Force, and Retaliation his rights under the eighth, First and Fourteenth amendment to the United States Constitution were violated.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff seeks Compensatory, nominal and Punitive damages against all defendants for the Physical Pain, abuse and Constitutional violations Plaintiff has suffered, and A Jury trial on triable issues, Plaintiff cost in this suit. all other relief available.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

January 30, 2019
(Date)

_Felix Acosta_
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 30 day of January, 20 19.

_Felix Acosta_
(Signature of Plaintiff)

Revised 03/07

7

FELIX AGOSTO DC# 772216  Dorm E2-124L
FLORIDA STATE PRISON-WEST UNIT
P.O. BOX 800
RAIFORD, FLORIDA 32083

LEGAL MAIL

CHECKED FEB 0 1 2019

UNITED STATES DISTRICT COURT
100 NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32502

Mailed From A State Correctional Institution

