IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FELIX AGOSTO,
    Plaintiff,

vs.                                                       Case No.: 3:18cv1559/RV/EMT

J. COPPENGER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint (ECF No. 1). Presently before the court is Plaintiff's Second Amended Complaint (ECF No. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by Plaintiff, it is the opinion of the undersigned that Plaintiff's claims against two of the four Defendants should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     BACKGROUND

Plaintiff's complaint concerns events that occurred at Century Correctional Institution (ECF No. 16 at 6–11).[1]  Plaintiff sues four security officers at Century C.I., Sergeant Coppenger, Officer Nelson, Sergeant McCann, and Officer Betts (*id.* at 1–3).  Plaintiff claims that on August 17, 2017, Defendants Coppenger and Nelson used excessive force (physical force and use of a chemical agent) while escorting him from the medical department to the confinement unit, even though Plaintiff was not resisting and was handcuffed behind his back (*id.* at 8–9).  Plaintiff alleges after the use of force, two other correctional officers took him to the shower (*id.* at 9).  Plaintiff alleges Defendant Betts escorted him to see a nurse (*id.* at 9–10).  Plaintiff alleges Defendant McCann was the housing supervisor in the confinement unit that day (*id.* at 10).

Plaintiff also alleges that sometime between August 19 and October 4 of 2017, Defendants McCann and Betts came to his cell door and told him to "cuff up," because he was getting a roommate (ECF No. 16 at 9–10).  Plaintiff alleges he told the officers he was on Protective Management ("PM") status and was supposed to be housed with only PM inmates (*id.* at 10).  Plaintiff alleges he placed his hands in the flap of the cell door to show Defendants the document verifying his PM status,

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Case No.:  3:18cv1559/RV/EMT

and Defendant McCann pushed the cell door open, causing pain to Plaintiff's left hand (*id.*). Plaintiff alleges Defendant Betts then grabbed his neck with his right hand (*id.*). Plaintiff alleges Defendants McCann and Betts acted with "malicious intent" and "retaliatory motive" for Plaintiff's filing grievances and complaints against Coppenger and Nelson (*id.* at 11–12).

Plaintiff claims McCann and Betts violated his rights under the First, Eighth, and Fourteenth Amendments and that Coppenger and Nelson violated his rights under the Eighth Amendment (ECF No. 16 at 11–12). He seeks compensatory, nominal, and punitive damages for the physical pain, abuse, and constitutional violations he suffered as a result of Defendants' conduct (*id.* at 13).

## II. DISCUSSION

The court is statutorily required to review the Second Amended Complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). Plausibility means "more than a sheer possibility that a defendant has

acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

A. <u>Eighth Amendment Claim</u>

To the extent Plaintiff asserts an excessive force claim against Defendants McCann and Betts, his allegations fail to state a plausible Eighth Amendment claim. The "core judicial inquiry" in considering an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 319–321, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated . . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. *Hudson*, 503 U.S. at 7. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Id.* (quoting *Whitley*, 475 U.S. at 321). The extent of injury may also provide some indication of the amount of force applied. *See Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010). As the Court stated in *Hudson*, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes

from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Id.* (internal quotation marks omitted).

"In determining whether an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including these five: "the need for the application of force; the relationship between that need and the amount of force used; the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials; the extent of injury; and any efforts made to temper the severity of the response." *Hudson*, 503 U.S. at 7–8; *see also Whitley*, 475 U.S. at 321. From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

Here, Defendant McCann's pushing open the cell door and Defendant Betts' grabbing Plaintiff's neck, while Plaintiff admittedly was not handcuffed and was verbally resisting the officers' efforts to move another inmate into the cell, does not plausibly suggest more than a de minimis use of force necessary to obtain Plaintiff's

compliance with the officers' directives to "cuff up" so they could secure Plaintiff while they moved an inmate into the cell. The minimal extent of Plaintiff's injury (i.e., pain to his left hand) also indicates the de minimis nature of the amount of force applied.

The court previously advised Plaintiff of the Eighth Amendment standard and that his factual allegations failed to state a plausible excessive force claim against Defendants McCann and Betts (*see* ECF No. 13 at 11–14). Despite this advisory, and the court's providing Plaintiff the opportunity to amend his complaint to include factual allegations that state a plausible constitutional claim, the allegations of his Second Amended Complaint fail to do so. Therefore, Plaintiff's Eighth Amendment claims against these two Defendants should be dismissed.

B.   First Amendment Retaliation Claim

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. *See Crawford-El v. Britton*, 523 U.S. 574, 588 n.10, 592–93, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) (citations omitted). "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). To

prevail on a claim of retaliation, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)); *Cummings v. Harrison*, 695 F. Supp. 2d 1263, 1274–75 (N.D. Fla. 2010).

A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. *See Douglas*, 535 F.3d at 1321 (quoting *Boxer X*, 437 F.3d at 1112). As to the second element, the Eleventh Circuit employs a purely objective standard: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bennett*, 423 F.3d at 1253. The third element, whether there was a causal connection between the retaliatory acts and the adverse effect on the speech, "asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of the conditions of his confinement." *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008). The plaintiff must plead and provide sufficient evidence of the retaliatory

motive and the adverse action. *See Hartman v. Moore*, 547 U.S. 250, 259–60, 126 S. Ct. 1695, 64 L. Ed. 2d 441 (2006) (citations omitted).

Here, Plaintiff alleges no facts to support his mere personal belief that during McCann and Betts' attempt to move the other inmate into Plaintiff's confinement cell, the officers were subjectively motivated to act as they did because Plaintiff had filed grievances against Defendants Coppenger and Nelson. As with Plaintiff's Eighth Amendment claim, the court previously advised Plaintiff of the First Amendment retaliation standard and the necessity that he allege specific, nonconclusory factual allegations showing that the actions of Defendants McCann and Betts were motivated by retaliation (*see* ECF No. 9 at 6–8). Despite this advisory, and the court's providing Plaintiff the opportunity to amend his complaint to allege facts that state a plausible claim, the allegations of his Second Amended Complaint fail to do so. Therefore, Plaintiff's First Amendment claim should be dismissed.

  C. <u>Fourteenth Amendment Claim</u>

In Plaintiff's Statement of Claims against Defendants McCann and Betts, he lists the Fourteenth Amendment in addition to the First and Eighth Amendments (ECF No. 16 at 11–13). However, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate

to that specific provision, not under the rubric of substantive due process. *See Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Here, Plaintiff's claims of retaliation and excessive force are covered by the First and Eighth Amendments; therefore, Plaintiff's due process claim should be dismissed.

III.    CONCLUSION

The factual allegations of the Second Amended Complaint fail to state a plausible claim for relief against Defendants McCann and Betts. Therefore, Plaintiff's claims against these two Defendants should be dismissed with prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendants Sergeant L. McCann and Officer J. Betts be **DISMISSED with prejudice**, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted;

2. That the case be recommitted to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims against Defendants Sergeant J. Coppenger and Officer Nelson.

At Pensacola, Florida, this 1st day of May 2019.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**