# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

FELIX AGOSTO,

    Plaintiff,

v.                                                   Case No: 3:18cv1559-RV/EMT

J. COPPENGER, Sergeant, and
NELSON, Correctional Officer,

    Defendants.
_____/

## **ORDER**

At the time relevant to this case, Felix Agosto was an inmate of the Florida Department of Corrections (FDOC). On July 20, 2018, he filed this lawsuit, *pro se* and *in forma pauperis*, against two FDOC employees, Sergeant J. Coppenger and Officer Nelson, alleging excessive force in violation of the Eighth Amendment to the United States Constitution. The case survived summary judgment; proceeded to a mediation conference with Magistrate Judge Davis (which resulted in an impasse); and is now ready to be set for trial. The plaintiff has filed two motions regarding the admission (and unavailability) of certain evidence that he wants to introduce at trial (docs. 74, 80).

Upon my review of the facts and history of this case in preparation for trial, it is clear to me that the plaintiff would benefit from having an attorney represent him. I have contacted attorney James V. Cook, in Tallahassee, Florida, and he has agreed to represent the plaintiff *pro bono*. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It is thus ORDERED that:

(1) James V. Cook, whose mailing address and contact information is:

> James V. Cook
> Law Office of James Cook
> 314 West Jefferson Street
> Tallahassee, FL 32301
> 850-222-8080 telephone; 561-0836 fax
> cookjv@gmail.com

is hereby assigned to represent the above-named plaintiff in this matter, unless said assignment is terminated by (1) an order of this court, (2) assignment of substitute counsel, or (3) termination of the matter before the court.

(2) Mr. Cook shall proceed as counsel of record from this date forward, and the Clerk shall change the docket to so reflect. All pleadings and electronic notifications should be served on him, not the plaintiff, and the plaintiff is advised that Mr. Cook is solely responsible for filing documents, pleadings, and motions on his behalf.

(3) Assigned counsel shall be provided, without cost and upon request, copies of, or access to, all pleadings filed in this matter to date.

(4) Assigned counsel may only request to withdraw from this matter through the filing of a motion, with notice to the plaintiff, setting forth full particulars as to why such a motion should be granted.

(5) Upon assigned counsel's filing a notice of appearance in this case, I will schedule a telephonic case management conference with the attorneys, during which we can discuss whether the plaintiff will need any additional (limited) discovery and whether another mediation conference with Magistrate Judge Davis might be useful before setting the matter for trial.[1]

---

[1] I have already contacted Judge Davis and he is willing to hold another mediation conference if the parties desire.

(6) The plaintiff's pending *pro se* motions (docs. 74, 80) are DENIED, without prejudice to refiling if assigned counsel deems them necessary.

**DONE and ORDERED this 29th day of January, 2021**

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**